**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| FRONTIER AIRLINES, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. _____ |
| v. | ) ) ) | |
| AMERICAN AIRLINES, INC., | ) ) | |
| Defendant. | ) ) | |

## <u>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL</u>

Plaintiff, FRONTIER AIRLINES, INC. ("Frontier"), by and through undersigned counsel, hereby files this Complaint against Defendant, AMERICAN AIRLINES, INC. ("American"), and alleges as follows:

### <u>INTRODUCTION</u>

This is an action for damages arising from American's negligent aircraft parking operations at Boston Logan International Airport ("BOS"). On November 25, 2024, American's Boeing 777 Aircraft, bearing FAA registration number N772AN (the "American Aircraft"), while maneuvering to park at Gate E13 at BOS, collided with Frontier's parked Airbus A321 Aircraft, bearing FAA registration number N714FR (the "Frontier Aircraft"), which was properly parked at Gate E14A. American's collision damaged the wing of Frontier's aircraft, forcing it out of service for six days and causing Frontier to incur damages. Frontier and American have settled a portion of the damages. Frontier brings this action to recover the remaining outstanding damages caused by American's failure to conduct safe and compliant parking and ground operations and to hold American accountable for the harm caused by its conduct at BOS.

## PARTIES, JURISDICTION, AND VENUE

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.      Plaintiff, FRONTIER AIRLINES, INC., is a corporation organized and existing under the laws of the State of Colorado, with its principal place of business located at 4545 Airport Way, Denver CO 80239.

3.      Defendant, AMERICAN AIRLINES, INC., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1 Skyview Drive, Fort Worth, TX 76155.

4.      This Court has jurisdiction over this matter as the incident giving rise to this action occurred in Boston, Massachusetts at Boston Logan International Airport.

5.      Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this district, specifically at Boston Logan International Airport.

6.      Frontier has retained the undersigned attorneys to represent it in the prosecution of this action, and is obligated to pay its attorneys their reasonable fees and expenses.

## FACTUAL BACKGROUND

7.      On November 25, 2024, at approximately 11:39 EST, an incident occurred at BOS involving the American Aircraft and the Frontier Aircraft.

8.      At all material times, Frontier was the lawful lessee, operator, and party in exclusive possession and control of the Frontier Aircraft.

9.      At all material times, American was the operator of the American Aircraft.

10.    At the time of the incident, the Frontier Aircraft was parked at Gate E14A at BOS, properly positioned at the appropriate stop bar for an Airbus A321, with passengers on board.

11.    At the same time, the American Aircraft was maneuvering to park at an adjacent Gate E13 at BOS.

12.    The Frontier Aircraft was properly parked, secured, and positioned at the designated stop bar for Gate E14A.

13.    During the American Aircraft's parking maneuver at Gate E13, the American Aircraft failed to maintain adequate clearance from the Frontier Aircraft, resulting in the American Aircraft colliding with and damaging the sharklet and wing of the Frontier Aircraft.

14.    As a result of the collision and resulting damage, the Frontier Aircraft was rendered out of service for six (6) days, from November 25, 2024 through December 1, 2024.

15.    The physical repair and restoration of the Frontier Aircraft cost a total of $670,387.45.

16.    On September 12, 2025, American and Frontier entered into a partial settlement agreement resolving fifty percent (50%) of the repair and restoration expenses associated with the Frontier Aircraft, which equates to $335,193.73. The settlement expressly preserved and did not resolve or compensate Frontier for: (a) the remaining fifty percent (50%) of the repair and restoration costs; (b) damages arising from the loss of use of the Frontier Aircraft; (c) lost profits; and (d) any other operational damages resulting from the incident. Frontier expressly reserved all rights to recover such damages.

17.    As a direct and proximate result of American's actions and inactions, Frontier incurred substantial damages, including the unsettled repair costs, loss of use of the Frontier Aircraft, lost profits, and other operational and consequential damages.

3

18. American has failed and refused to pay for the remaining damages arising from the incident.

19. Frontier has retained the services of Shutts & Bowen LLP and Verrill Dana LLP, and is obligated to pay their reasonable attorneys' fees for services rendered in addition to court costs and expenses.

20. Frontier has satisfied all conditions precedent to bringing this action, or such conditions have been waived or excused.

## COUNT I – NEGLIGENCE

21. Frontier incorporates paragraphs 1 – 20 as if fully set forth herein.

22. At all material times, American, by and through its employees, agents, servants, contractors, and/or ground handling personnel, conducted and controlled movement, parking and ground operations for the American Aircraft at BOS.

23. American owed Frontier a duty to exercise reasonable care in the operation, control, supervision, and coordination of the American Aircraft and ground operations so as to avoid causing damage to other aircraft lawfully present on the ramp. The Frontier Aircraft was legally and properly parked on the ramp.

24. On November 25, 2024, and at all material times, American, by and through its employees, agents, servants, contractors, and/or ground handling personnel acting within the course and scope of their employment or agency, breached that duty by negligently conducting an out-of-compliance parking maneuver, which damaged the Frontier Aircraft.

25. American's acts and omissions constituted negligence. These acts and omissions included, but were not limited to, the following:

(a)    Executing an out-of-compliance parking maneuver;

4

(b)    Failing to maintain required clearance from the adjacent parked Frontier Aircraft;

(c)    Failing to adequately monitor wing and wingtip clearances during the parking maneuver;

(d)    Failing to adequately monitor wing and tail clearances during the parking maneuver;

(e)    Failing to utilize proper spotters, wing walkers, or communication protocols;

(f)    Failing to adequately train, supervise, and oversee its ramp and ground operation personnel; and

(g)    Failing to comply with accepted ramp safety procedures, airport directives, and industry standards.

26.    As a direct and proximate result of American's negligence, the Frontier Aircraft sustained substantial physical damage.

27.    As a further direct and proximate result of American's negligence, Frontier was deprived of the use of the Frontier Aircraft for six (6) days.

28.    Frontier suffered damages including, but not limited to:

(a)    Repair and restoration costs;

(b)    Loss of use of the Frontier Aircraft;

(c)    Lost revenue and lost profits;

(d)    Continuing lease payments and contractual obligations during the out-of-service period; and

(e)    Operational disruptions and consequential damages.

29.    American and Frontier entered into a partial settlement resolving only 50% of the costs associated with the repair and physical restoration of the Frontier Aircraft. Frontier expressly reserved its right to seek the remaining 50% of the repair and restoration expenses incurred, as well as the loss of use, lost profits, and other operational damages.

30.    American has failed and refused to pay for the remaining damages arising from the incident.

WHEREFORE, Plaintiff, FRONTIER AIRLINES INC., respectfully demands judgment for damages in its favor against Defendant, AMERICAN AIRLINES INC., plus pre-judgment interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT II – GROSS NEGLIGENCE

31.    Frontier incorporates paragraphs 1 – 20 as if fully set forth herein.

32.    At all material times, American, by and through its employees, agents, servants, contractors, and/or ground handling personnel, conducted and controlled movement, parking and ground operations for the American Aircraft at BOS.

33.    American owed Frontier a duty to exercise reasonable care in the operation, control, supervision, and coordination of its aircraft and ground operations so as to avoid causing damage to other aircraft lawfully present on the ramp.

34.    On November 25, 2024, American, by and through its employees, agents, servants, contractors, and/or ground handling personnel acting within the course and scope of their employment or agency, breached that duty by conducting an out-of-compliance parking maneuver, which damaged the Frontier Aircraft.

35.     At all material times, American and its ramp personnel were aware of the mandatory safety requirements governing aircraft parking operations at BOS, including wing and wingtip clearance monitoring, gate stop bar compliance, and the use of spotters and wing walkers.

36.     Despite this knowledge, American's personnel executed the parking maneuver in a manner that demonstrated a reckless disregard for the safety of other aircraft, including the Frontier Aircraft which was properly parked, by proceeding without adequate clearance monitoring and without deploying necessary safety personnel.

37.     American's personnel proceeded with the parking maneuver despite visible, obvious, and readily apparent hazards, including the proximity of the Frontier Aircraft at Gate E14A and the limited gate clearance, conditions that made the maneuver unsafe and non-compliant.

38.     American's conduct was not an isolated occurrence. American has been involved in several such incidents at airports across the country. In 2024 alone, American was involved in two separate incidents involving Frontier aircraft—a March 7, 2024 collision at Miami International Airport in which an American aircraft collided with a Frontier aircraft during ground-handling operations, and the November 25, 2024 collision at BOS.

39.     These incidents placed American on notice of systemic deficiencies in its safety practices, training, supervision, and compliance protocols, yet American failed to implement corrective measures, revise procedures, or retrain personnel to prevent recurrence, thereby recklessly allowing this incident to occur.

40.     American's decision to continue operating under these known deficiencies, without implementing corrective action, constituted conscious indifference to the rights and safety of Frontier and other carriers throughout the country.

41.     The parking maneuver that caused the collision was performed in a manner that no reasonably prudent operator would have undertaken under the same circumstances, and American's conduct demonstrated a gross deviation from accepted ramp-safety and aircraft parking standards.

42.     American's acts and omissions constituted gross negligence, reflecting a reckless disregard for the safety of Frontier's aircraft and a conscious indifference to the foreseeable consequences of its conduct.

43.     As a direct and proximate result of American's gross negligence, the Frontier Aircraft sustained substantial physical damage.

44.     As a further direct and proximate result of American's acts and omissions, Frontier was deprived of the use of the Frontier Aircraft for six (6) days.

45.     Frontier suffered damages including, but not limited to:

   (a)     Repair and restoration costs;

   (b)     Loss of use of the Frontier Aircraft;

   (c)     Lost revenue and lost profits;

   (d)     Continuing lease payments and contractual obligations during the out-of-service period; and

   (e)     Operational disruptions and consequential damages.

WHEREFORE, Plaintiff, FRONTIER AIRLINES INC., respectfully demands judgment for damages in its favor against Defendant, AMERICAN AIRLINES INC., plus pre-judgment interest, costs, and such other and further relief as this Court deems just and proper.

### COUNT III – NEGLIGENT TRAINING AND SUPERVISION
**(In the alternative)**

46.     Frontier incorporates paragraphs 1 – 20 as if fully set forth herein.

8

47.     To the extent American's employees, agents, servants, contractors, and/or ground handling personnel were acting outside the course and scope of their employment or agency, Frontier brings this claim in the alternative and alleges that American is directly liable for its negligent training, supervision, and oversight of those individuals.

48.     At all material times, American was responsible for hiring, training, supervising, and overseeing the employees, agents, servants, contractors, and/or ground handling personnel who conducted ramp operations and aircraft parking procedures for the American Aircraft at BOS.

49.     American owed Frontier a duty to exercise reasonable care in the training, instruction, supervision, and oversight of its personnel involved in aircraft movement, ramp operations, and parking procedures to prevent unsafe, non-compliant, or hazardous maneuvers that could foreseeably cause harm to other aircraft lawfully present on the ramp. The Frontier Aircraft was lawfully present on the ramp.

50.     American knew or, in the exercise of reasonable care, should have known that its personnel were required to comply with airport directives, FAA guidance, industry standards, and established ramp safety procedures governing aircraft parking operations, wing and wingtip clearance monitoring, and gate stop bar compliance.

51.     American breached its duty by negligently failing to adequately train, instruct, supervise, and oversee its personnel responsible for conducting the parking of the American Aircraft on November 25, 2024. This is not the first time such breach has occurred as on March 7, 2024, an American aircraft collided with a Frontier aircraft at Miami International Airport during ground-handling operations.

52.     American's failures in training and supervision included, but were not limited to:

(a)     Failing to adequately train personnel on proper parking procedures and clearance requirements;

(b)     Failing to adequately train personnel on wing and wingtip clearance monitoring during parking operations;

(c)     Failing to adequately train personnel on the use of spotters, wing walkers, and communication protocols during parking operations;

(d)     Failing to supervise personnel to ensure compliance with airport ramp safety rules and industry standards;

(e)     Allowing inadequately trained or unqualified personnel to conduct or participate in the parking maneuver; and

(f)     Failing to implement or enforce reasonable oversight, monitoring, or corrective measures to prevent unsafe or non-compliant parking operations.

53.     American's negligent training and supervision created an unreasonable risk of harm and directly and proximately resulted in the improper, out-of-compliance parking maneuver that caused the American Aircraft to collide with the Frontier Aircraft.

54.     As a direct and proximate result of American's negligent training and supervision, the Frontier Aircraft sustained substantial physical damage to its sharklet and wing.

55.     As a further direct and proximate result of American's negligent training and supervision, Frontier was deprived of the use of the Frontier Aircraft for six (6) days.

56.     Frontier suffered damages including, but not limited to:

(a)     Repair and restoration costs;

(b)     Loss of use of the Frontier Aircraft;

(c)     Lost revenue and lost profits;

10

(d)    Continuing lease payments and contractual obligations during the out-of-service period; and

(e)    Operational disruptions and consequential damages.

57.    American and Frontier entered into a partial settlement resolving only 50% of the costs associated with the repair and physical restoration of the Frontier Aircraft. Frontier expressly reserved its right to seek the remaining 50% of the repair and restoration expenses, as well as loss of use, lost profits, and other operational damages.

58.    American has failed and refused to pay for the remaining damages arising from the incident.

WHEREFORE, Plaintiff, FRONTIER AIRLINES INC., respectfully demands judgment for damages in its favor against Defendant, AMERICAN AIRLINES INC., plus pre-judgment interest, costs, and such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, FRONTIER AIRLINES INC., hereby demands a trial by jury on all issues so triable.


Dated: April 17, 2026.

Respectfully submitted,

FRONTIER AIRLINES, INC.,
By its Attorneys,


 /s/ Aliette D. Rodz
Aliette D. Rodz *(pro hac vice pending)*
Florida Bar No. 0173592
arodz@shutts.com
Giancarlo Cueto *(pro hac vice pending)*
Florida Bar No. 1031979
gcueto@shutts.com
Elle Thomas *(pro hac vice pending)*
Florida Bar No. 1051229
ethomas@shutts.com
**SHUTTS & BOWEN LLP**
200 S. Biscayne Boulevard
Suite 4100
Miami, Florida 33131
Tel. (305) 347-7342
Fax (305) 381-9982

*-and-*

/s/ Derek T. Rocha
Derek T. Rocha, BBO No. 669524
Margaret C. Fitzgerald, BBO No. 699158
Verrill Dana LLP
One Federal Street, 20th Floor
Boston, MA 02110
(617) 309-2600
drocha@verrill-law.com
mfitzgerald@verrill-law.com

12