**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **FRONTIER AIRLINES, INC.,**<br><br>　　**PLAINTIFF,**<br><br>**V.**<br><br>**AMERICAN AIRLINES, INC.,**<br><br>　　**DEFENDANT.** | **CIVIL ACTION NO.: 1:26-CV-11804-JEK** |

**DEFENDANT AMERICAN AIRLINES, INC.'S**
**ANSWER AND JURY DEMAND**

Defendant, AMERICAN AIRLINES INC. ("American") files this Answer to Plaintiff's Complaint ("Complaint") and demands for Jury Trial. American responds to the allegations according to the numbered paragraphs in the Complaint.

**INTRODUCTION**

The statements made in this paragraph are a mere introduction and not factual allegations. American does not need to admit or deny. To the extent they are construed as substantive factual allegations, American is without sufficient knowledge to either admit or deny, therefore they are denied.

**PARTIES, JURISDICTION, AND VENUE**

1.　　American admits that Plaintiff seeks damages in excess of $75,000 exclusive of costs, attorneys' fees, and interest. To the extent this allegation requires further response, any further allegations in this Paragraph are denied.

2.　　American is without sufficient knowledge to form a belief as to the truth of the allegations made in this Paragraph, and they are accordingly denied.

1

3.    American admits the allegations in this Paragraph.

4.    American admits the allegations in this Paragraph.

5.    American admits the allegations in this Paragraph.

6.    American is without sufficient knowledge to form a belief as to the truth of the allegations made in this Paragraph, and they are accordingly denied.

## FACTUAL BACKGROUND

7.    American admits that on November 25, 2024, a Boeing 777 aircraft operated by American, Flight No. 109 (FAA Registration No. N722AN ("American Aircraft") came into contact with an Airbus A321 aircraft operated by Frontier, Flight No. 3601 (FAA Registration No. N714FR) ("Frontier Aircraft") at Boston Logan International Airport ("BOS"). American is without sufficient knowledge to admit or deny the remaining allegations made in this Paragraph, and they are accordingly denied.

8.    American is without sufficient knowledge to form a belief as to the truth of the allegations made in this Paragraph, and they are accordingly denied.

9.    American admits the allegations in this Paragraph.

10.    American admits that the Frontier Aircraft was parked at Gate E14A at BOS. American is without sufficient knowledge to admit or deny the remaining allegations made in this Paragraph, and they are accordingly denied.

11.    American admits that the American Aircraft was parking at Gate E13 at BOS. American denies the remaining allegations of this Paragraph.

12.    American is without sufficient knowledge to form a belief as to the truth of the allegations made in this Paragraph, and they are accordingly denied

13.    American admits that the American Aircraft, while parking, came into contact with the Frontier Aircraft's wing. American denies the remaining allegations of this Paragraph.

14.    American is without sufficient knowledge to form a belief as to the truth of the allegations made in this Paragraph, and they are accordingly denied.

15.    American admits the allegations in this Paragraph.

16.    American admits entering into a partial settlement and paying fifty percent (50%) for only the cost to repair and restore the physical damage to the Frontier Aircraft and that the partial settlement only resolved fifty (50%) of Plaintiff's physical damage claim for the Frontier Aircraft. American denies the remaining allegations in this Paragraph.

17.    American denies the allegations in this Paragraph.

18.    American admits that the partial settlement only resolved 50% of Plaintiff's physical damage claim for the Frontier Aircraft. American denies the remaining allegations in this Paragraph.

19.    American denies the allegations in this Paragraph.

20.    American denies the allegations in this Paragraph.

## COUNT I - NEGLIGENCE

21.    American incorporates its responses to all said Paragraphs as stated above.

22.    American admits that it was one of the entities responsible for the movement, parking and ground operations for the American Aircraft in connection with others. American denies the remaining allegations in this Paragraph.

23.    American admits that it owes certain duties as a matter of law. American denies the remaining allegations in this Paragraph.

24.    American denies the allegations in this Paragraph.

25. American denies the allegations in this Paragraph.

    a. American denies the allegations in this Paragraph.

    b. American denies the allegations in this Paragraph.

    c. American denies the allegations in this Paragraph.

    d. American denies the allegations in this Paragraph.

    e. American denies the allegations in this Paragraph.

    f. American denies the allegations in this Paragraph.

    g. American denies the allegations in this Paragraph.

26. American denies the allegations in this Paragraph.

27. American denies the allegations in this Paragraph.

28. American denies the allegations in this Paragraph.

    a. American denies the allegations in this Paragraph.

    b. American denies the allegations in this Paragraph.

    c. American denies the allegations in this Paragraph.

    d. American denies the allegations in this Paragraph.

    e. American denies the allegations in this Paragraph.

29. American admits entering into a partial settlement and paying only 50% of the cost to repair and restore the physical damage to the Frontier Aircraft. American denies the remaining allegations in this Paragraph.

30. Plaintiff's allegations are legal conclusions. American need not admit or deny. American is without knowledge. Therefore, American denies.

American denies that Plaintiff is entitled to the relief sought in the *ad damnum* clause following the preceding Paragraph.

## COUNT II – GROSS NEGLIGENCE

31.    American incorporates its responses to all said Paragraphs as stated above.

32.    22.    American admits that it was one of the entities responsible for the movement, parking and ground operations for the American Aircraft in connection with others. American denies the remaining allegations in this Paragraph.

33.    American admits that it owes certain duties as a matter of law. American denies the remaining allegations in this Paragraph.

34.    American denies the allegations in this Paragraph.

35.    American admits knowledge of certain mandatory safety requirements regarding operations at BOS. American denies the remaining allegations in this Paragraph.

36.    American denies the allegations in this Paragraph.

37.    American denies the allegations in this Paragraph.

38.    American admits that the American Aircraft contacted the Frontier Aircraft on November 25, 2024. American admits that a separate American aircraft made contact with a Frontier aircraft at Miami International Airport on March 7, 2024. American denies the remaining allegations in this Paragraph.

39.    American denies the allegations in this Paragraph.

40.    American denies the allegations in this Paragraph.

41.    American denies the allegations in this Paragraph.

42.    American denies the allegations in this Paragraph.

43.    American denies the allegations in this Paragraph.

44.    American denies the allegations in this Paragraph.

45.    American denies the allegations in this Paragraph.

a.  American denies the allegations in this Paragraph.

b.  American denies the allegations in this Paragraph.

c.  American denies the allegations in this Paragraph.

d.  American denies the allegations in this Paragraph.

e.  American denies the allegations in this Paragraph.

American denies that Plaintiff is entitled to the relief sought in the *ad damnum* clause following the preceding Paragraph.

### COUNT III – NEGLIGENT TRAINING AND SUPERVISION

46.  American incorporates its responses to all said Paragraphs as stated above.

47.  American denies the allegations in this Paragraph.

48.  American denies the allegations in this Paragraph.

49.  American admits that it owes certain duties as a matter of law. American denies the remaining allegations in this Paragraph.

50.  American admits that it has knowledge of industry regulations. American denies the remaining allegations in this Paragraph.

51.  American denies the allegations in this Paragraph.

52.  American denies the allegations in this Paragraph.

a.  American denies the allegations in this Paragraph.

b.  American denies the allegations in this Paragraph.

c.  American denies the allegations in this Paragraph.

d.  American denies the allegations in this Paragraph.

e.  American denies the allegations in this Paragraph.

f.  American denies the allegations in this Paragraph.

53.    American denies the allegations in this Paragraph.

54.    American denies the allegations in this Paragraph.

55.    American denies the allegations in this Paragraph.

56.    American denies the allegations in this Paragraph.

    a.  American denies the allegations in this Paragraph.

    b.  American denies the allegations in this Paragraph.

    c.  American denies the allegations in this Paragraph.

    d.  American denies the allegations in this Paragraph.

    e.  American denies the allegations in this Paragraph.

57.    American admits entering into a partial settlement and paying only 50% of the cost to repair and restore the physical damage to the Frontier Aircraft. American denies the remaining allegations in this Paragraph.

American denies each and every allegation in the complaint, not herein admitted, controverted or specifically denied.

American denies that Plaintiff is entitled to the relief sought in the ad damnum clause following the preceding Paragraph.

## REQUEST FOR A JURY TRIAL

American demands a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES AND ALLEGATIONS

American hereby asserts the following affirmative defenses and allegations as to Plaintiff's claims.

1.    Plaintiff fails to state a claim upon which relief can be granted.

2.      Plaintiff has failed to join as parties one or more persons or entities needed for the just adjudication of this matter in controversy.

3.      American denies any liability to Plaintiff. However, if liability should exist, American states that it is only liable for its proportionate share of fault, if any. American states that Plaintiff's damages were caused, in whole or in part, by other parties to this case, or other entities not joined to this case. Consequently, pursuant to MGL c. 231B §§1-4, American is entitled to contribution.

4.      Plaintiff's claim for punitive damages is barred as a matter of law. Under long-standing Massachusetts common law, punitive or exemplary damages are not recoverable in a tort or property damage action unless specifically authorized by an express statutory provision. Because Plaintiff's claims for aircraft property damage arise under common law negligence, and do not fall under any applicable Massachusetts statute creating a right to exemplary recovery, punitive damages cannot be awarded in this matter.

5.      In the event that evidence is adduced in discovery or at trial that Plaintiff took any action that contributed to its own legal injuries or damages, American pleads that such fault would constitute the defenses of comparative fault as to the Plaintiff, and such claims of Plaintiff may be barred or reduced.

6.      American claims any credit, set-off, or reduction by the amount of any settlement or other payments that Plaintiff or any person whom Plaintiff is claiming damages on behalf of has received from American, other entities or releasing other entities from liability for their damages arising from the damage to the aircraft, or any collateral source.

7.      Plaintiff's damages were caused, in whole or in part, by a superseding or intervening cause, which were in no way caused or contributed to by American, and American thus cannot be held liable for Plaintiff's damages.

8.      If there was any negligence that caused or contributed to Plaintiff's injuries or damages, it was solely the result of negligence on the part of third parties who were within the care, custody, control, or supervision of entities other than American, and therefore Plaintiff cannot recover against American.

9.      Certain of Plaintiff's claimed damages are not recoverable damages as a matter of law, either because they are not foreseeable damages or because they are not recognized as recoverable property damages under the law applicable to this incident.

10.     American's actions were not the cause and/or proximate cause of Plaintiff's alleged legal injuries and/or any other alleged damages.

11.     If there is any actionable liability of American, the existence of which is specifically denied, American affirmatively states Plaintiff has failed to take all reasonable steps to mitigate their damages.

12.     Plaintiff's claims as set forth in the Complaint are barred because their claims have been settled and released in whole or in part.

13.     Plaintiff has not satisfied the conditions precedent necessary to recover against American.

14.     American reserve the right to amend this Answer and Affirmative Defenses to allege any and all additional defenses which discovery may reveal to be appropriate.

9

## PRAYER

WHEREFORE, American respectfully prays that Plaintiff take nothing by way of his claims for relief and that judgment be entered in favor of American, that American be awarded its costs, and for all other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

American demands a trial by jury upon all issues so triable, as to all claims and defenses asserted in this action.

Dated:  19th day of May, 2026

Respectfully submitted,

*/s Christopher A. Duggan*
Massachusetts Bar No. 544150
**SMITH DUGGAN CORNELL & GOLLUB LLP**
55 Old Bedford Road
Lincoln, MA 01773
(617) 228-4400
(617) 228-4444
chris.duggan@smithduggan.com

Ross Cunningham
*Pro Hac Vice Forthcoming*
**CUNNINGHAM SWAIM, LLP**
4015 Main Street, Suite 200
Dallas, Texas 75226
Telephone: (214) 646-1495
Facsimile: (214) 613-1163
rcunningham@cunninghamswaim.com

**ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES INC.**